MERCANTILE HOLDINGS, INC., Plaintiff, v. CHARLES KEESHIN *et al.*, Defendants (Thomas Chuhak, Adm'r with the Will Annexed of Elsie Keeshin, Deceased, Counterplaintiff-Appellee; Benjamin Schaider *et al.*, Indiv. and as Partners d/b/a American Farm Partnership, *et al.*, Counterdefendants-Appellants).

First District (3rd Division)   No. 1—92—0216

Opinion filed December 29, 1993.

Siegan, Barbakoff & Gomberg, of Chicago (Kenneth B. Drost, Diane C. Fischer, and Michael A. Kraft, of counsel), for appellants.

John Laurence Kienlen, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Mercantile Holdings, Inc. (Mercantile), filed suit to obtain payment of a loan that had been made to defendants Charles and Elsie Keeshin. Benjamin Schaider and Seymour Keeshin, individually and d/b/a American Farm Partnership (Schaider & Keeshin), and City National Bank & Trust Company of Rockford (Bank) were also named as defendants. After the suit was filed, Elsie Keeshin died, and Thomas Chuhak, as the administrator of her estate, was substituted as a defendant.

Chuhak then filed a counterclaim against defendants Schaider & Keeshin and the Bank. After Mercantile agreed to dismiss its action against all defendants, the trial court granted summary judgment in favor of Schaider & Keeshin and the Bank on the counterclaim and denied Chuhak's motion for summary judgment on the counterclaim. Chuhak appealed, and the appellate court affirmed the summary judgment in favor of the Bank and reversed the summary judgment in favor of Schaider & Keeshin and entered summary judgment as to liability in favor of Chuhak and against Schaider & Keeshin. The case was remanded for a determination of damages. *Mercantile Holdings, Inc. v. Keeshin* (1989), 187 Ill. App. 3d 1088, 543 N.E.2d 1031.

After the case was reinstated in the trial court, Chuhak filed a motion for summary judgment on the issue of damages, which was granted, and the trial court awarded damages, plus costs, in favor of Chuhak and against Schaider & Keeshin. Schaider & Keeshin have appealed.

On appeal, Schaider & Keeshin contend that the trial court's measure of damages was incorrect, there is an issue of fact which must be determined before damages can be calculated, and the trial court erroneously awarded costs. We affirm.

The facts in this case are fully set forth in this court's opinion for the prior appeal. (*Mercantile Holdings*, 187 Ill. App. 3d 1088, 543 N.E.2d 1031.) We reiterate here only those facts that are necessary for an understanding of the issues in the appeal *sub judice.*

In 1974, Mercantile's predecessor (referred to herein as Mercantile) loaned Charles and Elsie Keeshin $125,000, secured by Elsie Keeshin's stock in a financial corporation. In 1978, Schaider & Keeshin entered into an assignment agreement to obtain the beneficial interest of a land trust in which Charles Keeshin was the sole beneficiary. The assignment agreement provided that Schaider & Keeshin would repay the indebtedness of Charles and Elsie Keeshin

to Mercantile as partial consideration for the assignment. Subsequently, the land trustee transferred Charles Keeshin's interest in the land trust to Schaider & Keeshin although Schaider & Keeshin did not repay the indebtedness of Charles and Elsie to Mercantile as they were required to do under the assignment agreement.

As a result, Mercantile sold Elsie Keeshin's stock which it had held as collateral, applying the proceeds to the indebtedness owed by Charles and Elsie Keeshin. Mercantile then filed the underlying action against Charles and Elsie Keeshin to collect the remaining indebtedness and joined Schaider & Keeshin as defendants. After Elsie died, Chuhak was substituted as a party defendant and he filed the present counterclaim against Schaider & Keeshin for breaching the assignment agreement to which Elsie Keeshin was a third-party beneficiary.

After the trial court entered summary judgment against Chuhak on the counterclaim, Chuhak appealed. The appellate court reversed the summary judgment against Chuhak and held as a matter of law that Schaider & Keeshin had breached the assignment agreement, which breach had injured Elsie Keeshin as a third-party beneficiary by causing her and her successors to be deprived of the stock and stock dividends. On remand, the trial court granted Chuhak's motion for summary judgment on damages, awarding $197,647.77, plus costs. This is the judgment from which Schaider & Keeshin have appealed.

On appeal, the parties do not dispute that the breach of the assignment agreement occurred on October 19, 1978, when Charles Keeshin's interest in the land trust was transferred to Schaider & Keeshin without Schaider & Keeshin having repaid Mercantile the loan that had been made to Charles and Elsie Keeshin. Nor do the parties dispute the value of the stock as of the date that the judgment was entered. In addition, the parties do not dispute the amount of the stock dividends that were not paid to Elsie Keeshin or her estate between the date Mercantile sold the stock and the date that the judgment was entered. The issue that the parties dispute is how to determine the amount of the damages.

The trial court ruled that the proper measure of damages is the highest value of the stock between the date of the breach and the date that the judgment was entered, and any lost dividends. Schaider & Keeshin, however, contend that the damages should be "the highest intermediate value reached by the stock between the time of the breach and a reasonable time after notice thereof." We agree with the trial court.

To support their contention, Schaider & Keeshin cite *Galigher v. Jones* (1889), 129 U.S. 193, 201, 32 L. Ed. 658, 661, 9 S. Ct. 335, 338,

*Neihuss v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1986), 143 Ill. App. 3d 444, 453-54, 492 N.E.2d 1356, 1362-63, and *Bushnell v. Curtis* (1925), 236 Ill. App. 89, 99. The rationale of these decisions is that the injured parties had a duty to mitigate their damages by purchasing similar securities within a reasonable time after they discovered the wrongful act. These cases, however, are distinguishable from the present case. *Galigher, Neihuss* and *Bushnell* deal with lost profits of speculators as damages. The present case is different.

Here, Elsie Keeshin was deprived of certain stock which she already owned. It would be unreasonable and unfair to have expected and required Elsie Keeshin to have purchased other securities in order to mitigate losses caused by the wrongdoers' breach of contract, when she already owned the stock before the assignment agreement was entered into.

Schaider & Keeshin also attempt to invoke the requirement of the Uniform Commercial Code (UCC) that a buyer of goods who is injured by the seller's failure to deliver must mitigate his damages by purchasing substitute goods without reasonable delay. (See Ill. Rev. Stat. 1991, ch. 26, par. 1—101 *et seq.*) Schaider & Keeshin state: "Accordingly, the UCC provides that when a seller under a contract for a sale of goods breaches by failing to deliver, the buyer may purchase goods in substitution ('cover'). However, the buyer need not cover. If the buyer does not cover, he is entitled to damages measured by the difference between the market price at the time the buyer learns of the breach and the contract price. Ill. Rev. Stat. 1991, ch. 26, pars. 2—712, 2—713. The UCC further provides that cover must be made without reasonable delay." This argument is misplaced.

In the present case, the parties were not buying and selling goods or securities. Moreover, the gist of this case is not a wrongful sale of the stock by Mercantile, but rather the gist of this case is a wrongful breach of the assignment agreement by Schaider & Keeshin. Plainly, the Uniform Commercial Code has no application to this case.

Schaider & Keeshin also contend that the trial court should have applied the rule as to the assessment of damages in conversion cases. The general rule in conversion cases is that damages should be assessed at the value of the property at the time of the conversion. From this general rule, Schaider & Keeshin extrapolate that in fluctuating value cases, "in an effort to allow the injured party complete compensation for the conversion, the plaintiff should be awarded an amount equal to the highest market value between the time of the conversion and a reasonable time after the owner learns of the conversion." Schaider & Keeshin's argument is not apt here.

Schaider & Keeshin's argument overlooks the fact that they are

not being assessed damages because Mercantile wrongfully sold Elsie Keeshin's stock. Rather, they are being assessed damages because they breached the assignment agreement. Thus, this is a contract case, and not a tort case. The general rule for damages in the tort of conversion, therefore, is not applicable to the present case.

■ This case arises from a common law breach of contract. The proper measure of damages in a common law breach of contract case is one which places the party entitled to damages in the same position at the time of judgment as he would have been in had the breach not occurred. See *American National Bank & Trust Co. v. Erickson* (1983), 115 Ill. App. 3d 1026, 1030, 452 N.E.2d 3, 6.

In the present case, the trial court found and the record establishes that the highest value for the stock between the date of the breach and the date of the judgment occurred on the date of the judgment, which was $181,629. The trial court also found and the record establishes that the stock dividends that were not received by Elsie Keeshin or her estate were for the period between the date Elsie Keeshin's stock was sold by Mercantile and the date of the judgment, which amounted to $16,018.77. These two amounts total $197,647.77, which is what the trial court awarded the administrator, Chuhak, as damages.

The $197,647.77 is plainly the amount which places Chuhak in the same position at the time of judgment that he would have been in had the breach of contract by Schaider & Keeshin not occurred. The award of damages by the trial court was therefore proper.

■ Schaider & Keeshin next argue that the trial court erred in entering summary judgment on the issue of damages because there are questions of fact that are unresolved. Schaider & Keeshin state that the record does not establish when Elsie Keeshin learned that her stock was sold, and it does not establish what was a reasonable time for her to purchase additional or substitute securities to mitigate her damages. For the reasons which we have already stated, however, these are not material questions of fact in the present case. Here, the material facts and the trial court's valuations are either admitted or not disputed. Thus, this was a proper case for summary judgment.

■ Lastly, Schaider & Keeshin contend that "the trial court erroneously awarded costs." They cite *Borys v. Rudd* (1990), 207 Ill. App. 3d 610, 566 N.E.2d 310. *Borys* is a case where the trial court improperly awarded attorney fees and litigation expenses in the absence of a statute. *Borys* clearly has no application here. In the present case, there is a statute which provides that costs be taxed against the losing defendants. (735 ILCS 5/5—108 (West 1992).) Schaider & Keeshin's contention is void of any merit.

Accordingly, the judgment from which the appeal is taken is affirmed.

Affirmed.

TULLY, P.J., and CERDA, J., concur.